GANDÍA, DEMANDANTE, APELADO Y APELANTE, *v.* STUBBE ET AL., DEMANDADOS Y APELANTES, Y TRÍAS ET AL., DEMANDADOS Y APELADOS.

APELACIONES procedentes de la Corte de Distrito de San Juan, Distrito Primero, en pleitos sobre liquidación de sociedad (memorándum de costas.)

Nos. 2899 y 2903.—Resueltos en mayo 12, 1923.

TRASLADO DE PLEITOS — JURISDICCIÓN PARA CONOCER DEL MEMORÁNDUM DE COS-TAS.—De acuerdo con la sección 3 de la ley de marzo 14, 1907, el juez de una Sección de la Corte de Distrito de San Juan podía trasladar a su arbitrio a la otra Sección, durante el trámite de la aprobación de la transcripción, un pleito fallado y apelado; por lo que, aunque la sentencia en apelación dispusiera la devolución de los autos a la Sección de donde procedía el recurso, la Sección donde el pleito fué trasladado tenía jurisdicción para continuar conociendo del pleito y por consiguiente del memorándum· de cos-

tas archivado, tanto más cuanto que de acuerdo con la ley vigente a la fecha de la devolución, la corte sucesora de la. Sección a que fué el pleito trasladado era la competente para conocer del mismo.

HONORARIOS DE ABOGADO—CUANTÍA DE LOS HONORARIOS.—En el presente caso se apeló de una resolución que concedía $3,000 para honorarios de abogado. El Tribunal Supremo redujo la cuantía a $1,500, fundado en que si bien se trataba de un pleito complicado, la complicación fué en gran parte innecesaria, habiéndose además decidido varias de las cuestiones envueltas en contra de la parte a quien se concedieron los honorarios.

MEMORÁNDUM DE COSTAS—DISCRECIÓN PARA FIJAR LA CUANTÍA DE LAS COSTAS.— El Tribunal Supremo no irá contra las conclusiones de la corte inferior al fijar las partidas del memorándum de costas a no ser que se demuestre un claro abuso de discreción.

Los hechos están expresados en la opinión.

Abogado del demandante y apelante: *Sr. José Guzmán Benítez.*

Abogados de los demandados, apelantes y apelados: *Sres. C. Coll Cuchí* y *G. Cruzado Silva.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Son estas dos apelaciones, tramitadas independientemente, contra una misma resolución. Examinaremos conjuntamente las cuestiones envueltas en ambos recursos, porque así se forma una opinión más exacta y completa de ellas.

Dictada finalmente sentencia por esta Corte Suprema en el recurso número 2118 interpuesto en el pleito seguido por Pedro Gandía contra Arturo Trías y Johann D. Stubbe sobre liquidación de sociedad mercantil, quedaron los demandados condenados al pago de las costas.

Devuelto el pleito a la Corte de Distrito para la ejecución de la sentencia, el demandante archivó un memorándum de costas ascendente a $10,865.72. Oídas las partes, el 4 de agosto de 1922, se dictó la resolución apelada que, copiada en lo pertinente, dice:

"La corte aprueba el memorándum de costas rebajando la partida de 'Indemnización a testigos' a $20.70.

"Se rebaja la partida de 'Gastos necesarios' a $173.65..

"Se rebaja la partida de 'Honorarios de Abogado' a la suma de $3,000.00.''

En su alegato como apelantes los demandados señalan tres errores cometidos a su juicio por la corte, 1, al resolver sobre el memorándum de costas sin tener jurisdicción para conocer del pleito; 2, al dejar de resolver la cuestión de jurisdicción planteada, y 3, al conceder la suma de tres mil dólares por concepto de honorarios de abogado.

Examinemos el primer error. Ya hemos dicho que la sentencia devuelta para su ejecución fué dictada por esta Corte Suprema. Se revocó la apelada y esta corte procedió a pronunciar y pronunció la que debió haber dictado la corte de distrito. La sentencia revocada la había pronunciado la Corte de Distrito de San Juan, Sección Segunda, actuando como juez de la misma el Sr. Rossy y a dicha corte y sección se ordenó la devolución del caso. Sin embargo, el pleito fué finalmente enviado por el secretario de la Corte Suprema a la Corte de Distrito de San Juan, Primer Distrito, al remitírsele por el secretario de la Corte de Distrito de San Juan, Segundo Distrito, copia de una orden dictada en el pleito el 24 de noviembre de 1919 trasladándolo a la entonces Sección Primera, actuando el juez por su propio acuerdo.

Archivados los autos en la corte del Primer Distrito, en ella archivó también el demandante su memorándum y los demandados su impugnación. Comienza ésta diciendo lo que sigue: "Que la corte no tiene jurisdicción para entender en esta reclamación de costas." Luego, y sin reserva alguna, se oponen los demandados a las diferentes partidas del memorándum y terminan así: "Por todo lo cual los demandados piden a la corte que se sirva decretar una resolución en cuanto a costas de acuerdo con esta impugnación."

Prescindiendo de estudiar y resolver si se suscitó debidamente la llamada cuestión de jurisdicción, diremos que pendiente de resolverse el asunto en la corte de distrito, el demandante se dirigió a esta Corte Suprema pidiéndole que decidiera expresamente que la corte que debía ejecutar la sen-

tencia era la del Primer Distrito. Se oyó a las partes y se declaró sin lugar la petición del demandante. En la opinión que se emitió al efecto se dijo:

"A nuestro juicio, en el estado actual del procedimiento, no cabe dictar la orden que solicita el demandante. De hecho él logró lo que pide. Lo único que desea es que el tribunal sancione la actuación de su secretario, pero esto se solicita después que una cuestión de jurisdicción se ha levantado en el tribunal inferior.

"Si la orden de traslado es válida, el hecho de que expresamente se dijera en nuestra sentencia que ésta fuera remitida a la Sección Segunda, no tiene importancia. Las sentencias se dictan para cumplirse o ejecutarse y si el pleito no estaba ya en la Sección Segunda, claro es que debía ejecutarse la sentencia en la corte a la cual válidamente se había trasladado. Pero entendemos que no estamos en condiciones de resolver ahora si dicha orden de traslado fué o no dictada de acuerdo con la ley."

Cuando la orden de traslado se dictó, la Corte de Distrito de San Juan estaba dividida en dos secciones, siendo la ley aplicable al caso la sección 3 de la ley de 14 de marzo 1907 definiendo la jurisdicción de cada una de las dos secciones de la corte de distrito para el distrito judicial de San Juan, que dice, en lo pertinente, como sigue:

"Que ambos jueces de dicha corte de distrito de San Juan podrán, a su arbitrio, transferir cualesquiera causas o asuntos civiles que en cualquier tiempo se estuvieren sustanciando en cualquiera de las secciones de dicha corte, a la otra sección de la misma, * * * ''

Siendo ello así, a nuestro juicio la orden es válida, porque si bien es cierto que cuando se decretó el traslado de que se trata se había ya dictado sentencia en el pleito y se había apelado de ella, también lo es que surgieron dificultades con motivo de la aprobación de la transcripción de los autos y fué a virtud de ellas sin duda y para solucionarlas mejor que el juez Rossy decretó el traslado.

Además, cuando el pleito se devolvió para que se ejecutara la sentencia pronunciada por la Corte Suprema, la ley de 1907 citada se había derogado. La Ley No. 41 de 1921 había creado dos cortes dentro del distrito, correspondiendo a la del primer subdistrito el conocimiento de los pleitos originados en San Juan y el pleito en el cual se presentó el memorándum versaba sobre liquidación de la sociedad mercantil Gandía y Stubbe de San Juan, P. R.

No se cometió, pues, el primero de los errores señalados. Tampoco el segundo. No puede sostenerse que la corte dejara de resolver todas las cuestiones planteadas. Al decidir el caso en la forma en que lo hizo, implícitamente decidió que tenía jurisdicción para actuar.

En cuanto a los honorarios concedidos, resolviendo el tercero y último señalamiento de error, diremos que en verdad nos parecen excesivos. Si bien se trata de un pleito complicado, la complicación fué en gran parte innecesaria. Además, en varias de las cuestiones envueltas la corte decidió que no tenía razón la parte demandante. Bajo todas esas circunstancias, estimamos razonable la suma de mil quinientos dólares.

En el recurso establecido por el demandante se señalan cuatro errores cometidos, en opinión suya, por la corte: 1, al no estimar probada la partida de $71 de indemnización a testigos; 2, al rebajar dicha partida a $20.70; 3, al rebajar los gastos necesarios a $173.65, y 4, al no estimar probado que el justo valor de los honorarios de abogado era el fijado en el memorándum.

Los errores primero, segundo y tercero pueden examinarse conjuntamente. Es cierto que en el caso de *Finlay* v. *Fabián,* 25 D. P. R. 52, esta corte decidió que "el desembolso por gastos de viaje a otro distrito, deberá pagarlo o no la parte vencida en el juicio, según que haya sido o no necesario para el pleito," y que el hecho de no haber rechazado

aquí totalmente la partida implica que el juez de distrito estimó necesaria la declaración del testigo que compareció viniendo desde Yauco, cuyos gastos se reclaman. Pero si bien ello es así, tal reconocimiento por parte del juez no lo lleva necesariamente a aceptar como cierta y justa la cantidad reclamada. Generalmente lo razonable es recobrar el millaje recorrido de acuerdo con las reglas fijadas para los testigos del pueblo. Quizá fué esa la norma que siguió el juez de distrito y no habiéndose demostrado abuso de discreción no cabe revocar su conclusión.

Igual sucede con la rebaja hecha por el juez en cuanto a los llamados ''gastos necesarios''. No se ha demostrado un claro abuso de discreción al apreciar las pruebas.

Con respecto a los honorarios de abogado, se esfuerza la parte demandante en demostrar que el justo valor de los mismos es la cantidad reclamada, o sea, $7,865, pero ya hemos expuesto nuestro criterio al resolver el recurso establecido por la parte demandada.

A virtud de todo lo expuesto, debe modificarse la resolución apelada reduciendo la cuantía de los honorarios y así modificada, confirmarse.

> *Confirmadas las resoluciones apeladas, modificándolas.*

Juez concurrente: Sr. Aldrey.

El Juez Asociado Sr. Wolf firmó: ''Conforme con la sentencia.''

El Juez Asociado Sr. Hutchison firmó: ''Conforme con la opinión y la sentencia, excepción hecha de la rebaja de los honorarios.''

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.